

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAIXIN SUN, | No. 15-70024 |
| Petitioner, | Agency No. A089-994-782 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 19, 2018
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and KORMAN,[**] District
Judge.

Petitioner Haixin Sun, a native and citizen of China, petitions for review of

the dismissal by the Board of Immigration Appeals ("BIA") of his appeal of an

order of an immigration judge ("IJ") denying his applications for withholding of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

removal and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. We review an adverse credibility determination for substantial evidence; to overturn such a finding, the evidence must compel a contrary conclusion. Lianhua Jiang v. Holder, 754 F.3d 733, 738–39 (9th Cir. 2014). Among other reasons why the IJ disbelieved Petitioner was his testimony concerning his mother's alleged injury. Petitioner's declaration claimed that his mother's nose was broken during an encounter with authorities, but did not mention any hospitalization. During his testimony, Petitioner claimed that his mother was hospitalized for a month as a result of the encounter. We must uphold an adverse credibility determination if even one proper ground identified by the agency is supported by substantial evidence. Id.

2. The IJ did not err by failing to give Petitioner notice that his corroborative evidence was insufficient and an opportunity to provide additional evidence. See Ren v. Holder, 648 F.3d 1079, 1091–92 (9th Cir. 2011) (discussing such a requirement in certain circumstances). Notice and an opportunity to supplement the record were not required here because the IJ found that Petitioner was not credible for reasons apart from a failure to corroborate. See Yali Wang v. Sessions, 861 F.3d 1003, 1008–09 (9th Cir. 2017) (explaining when Ren does not

2

apply); <u>Bhattarai v. Lynch</u>, 835 F.3d 1037, 1043 (9th Cir. 2016) (same). Moreover, with respect to medical records concerning his mother, Petitioner testified that he had asked his mother for hospital records and that she was unable to obtain any; under these circumstances, the IJ was not required to provide a further opportunity to obtain such records.

3. The evidence other than Petitioner's testimony did not establish eligibility for withholding of removal or CAT protection.

**Petition DENIED.**